1  Dario de Ghetaldi - Bar No. 126782
   Jerry E. Nastari - Bar No. 151756
2  Amanda L. Riddle - Bar No. 215221
   COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP
3  700 El Camino Real
   P.O. Box 669
4  Millbrae, California 94030-0669
   Telephone: (650) 871-5666
5  Facsimile: (650) 871-4144

6  Colleen Duffy Smith - Bar No. 161163
   Michael G. Reedy - Bar No. 161002
7  MCMANIS, FAULKNER & MORGAN
   50 West San Fernando Street, Suite 1000
8  San Jose, CA 95113
   Telephone: (408) 279-8700
9  Facsimile: (408) 279-3244

10 Plaintiffs' Co-Counsel
   [Other Counsel on Signature Page]
11
   PETER D. KEISLER
12 SCOTT N. SCHOOLS
   SHEILA M. LIEBER
13 PETER ROBBINS
   U.S. Department of Justice
14 20 Massachusetts Ave, NW, Room 7142
   Washington, DC 20530
15 Telephone:    (202) 514-3953
   Facsimile:    (202) 616-8470
16 Email: peter.robbins@usdoj.gov

17 Attorneys for Defendant

18                  IN THE UNITED STATES DISTRICT COURT
19
                      NORTHERN DISTRICT OF CALIFORNIA
20

21
   COUNTY OF SANTA CRUZ, et al.        )   Case No. C 07-2888 MJJ
22                                     )
            Plaintiffs,                )
23                                     )   **JOINT INITIAL CASE MANAGEMENT**
        v.                             )   **STATEMENT**
24                                     )
   MICHAEL O. LEAVITT,                 )
25                                     )
            Defendant.                 )
26                                     )
   _____ )
27

28

JOINT INITIAL CASE MANAGEMENT STATEMENT, CASE # C 07-02888 MJJ

Pursuant to the Standing Order of this Court, the parties in the above-captioned action hereby submit the following joint case management statement:

**1. Jurisdiction and Service.**

No parties remain to be served. Plaintiffs' complaint alleges that subject-matter jurisdiction exists under 42 U.S.C. § 405(g) and 28 U.S.C. § 1331. Class Action Complaint ("Compl.") at ¶¶ 33-41. Defendant disputes that subject-matter jurisdiction exists. Venue is not at issue.

**2. Facts**

Title XVIII of the Social Security Act, commonly known as the Medicare Act, 42 U.S.C. §§ 1395, et seq., establishes a program of health insurance for the elderly and disabled. Medicare Part B covers the services of physicians and other medical suppliers. 42 U.S.C. §§ 1395j-1395w-4. Physicians and other "suppliers" are reimbursed under Part B for physicians' services based on a fee schedule published by the Secretary of Health and Human Services. 42 U.S.C. § 1395w-4. The physician fee-schedule payment methodology went into effect in 1992, pursuant to § 6102(a) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2169-84 (1989). Prior to that time, Part B reimbursement for physicians' services was determined under a method that used "reasonable charges" as a benchmark. 42 U.S.C. § 1395l(a)(1) (1988).

In connection with the fee schedule, the Secretary is required to establish "geographic adjustment factors," 42 U.S.C. § 1395w-4(e), that are based on indexes that reflect relative costs in "fee schedule areas." See 42 U.S.C. §§ 1395w-4(e)(1)(A) (i)-(iii), (e)(1)(C), (e)(1)(D), (e)(2)-(5). The "term 'fee schedule area' means a locality" used by Medicare contractors under 42 U.S.C. § 1395u(b) to determine reasonable charges under the payment regime that preceded the fee-schedule regime. 42 U.S.C. § 1395w-4(j)(2). Regulations promulgated by the Secretary interpret this statutory language as requiring him to "establish[] physician fee schedule areas that generally conform to the geographic localities in existence before January 1, 1992," 42 C.F.R. § 414.4(a), but also as authorizing him to make "changes to fee schedule areas." 42 C.F.R. § 414.4(b).

The fee-schedule areas that were established in 1992 primarily copied the localities previously developed by Medicare contractors on the basis of their "knowledge of local medical practice and economic conditions" gained in connection with their processing of Part B claims under

1

the reasonable-charges regime. 56 Fed. Reg. 59,502, 59,514 (Nov. 25, 1991). Between 1992 and 1996, the Secretary converted multiple-intrastate fee schedule areas into single-statewide fee schedule areas in six states. 59 Fed. Reg. 63,410, 63,416 (Dec. 8, 1994); 58 Fed. Reg. 63,626, 63,637-38 (Dec. 2, 1993); 56 Fed. Reg. at 59,514. In 1996, the Secretary revised the fee schedule areas on a nationwide basis in response to concerns that "changing economic conditions and demographic conditions warrant a comprehensive review and revision of payment localities." 61 Fed. Reg. 59,490, 59,494 (Nov. 22, 1996). No nationwide revision has occurred since 1996. For the past four years, the Secretary has been considering whether the fee schedule areas should be revised again and has asked interested parties to submit comments. See, e.g., 72 Fed. Reg. 38,122, 38,139 (July 12, 2007); 68 Fed. Reg. 49,030, 49,044 (Aug. 15, 2003).

Plaintiffs contend that Medicare's own economic and demographic data show that – employing the same benchmarks and methods used by the Secretary in 1996 – a nationwide revision of fee schedule areas should have been undertaken as early as 2001.

Defendant contends that no such revision was required and any reconfiguration of fee schedules should be studied further.

**3. Legal Issues**

Plaintiffs believe there are no cases which address the general issue of the Secretary's failure revise the fee schedule area (or "locality") structure. Plaintiffs contend that because Medicare payments in multi-county localities are based on average costs throughout the locality, payments to suppliers in high-cost counties in multi-county localities are brought down by low costs in other counties in their localities, and payments to suppliers in low-cost counties in multi-county localities are brought up by the averaging method. Plaintiffs further contend that as a combined result of the dramatic cost changes known to Medicare as early as 2001 and Medicare's failure to modify any affected locality, physicians and other suppliers in the high-cost counties in multi-county localities are receiving disproportionately less for their services than they should relative to the national average, while physicians and other suppliers in the low-cost counties in their localities are receiving disproportionately more. As the Secretary stated in December 2006:

> "Because the [Geographic Practice Cost Indexes ("GPCIs")] for each locality are calculated using the average of the county-specific data from all of the counties in

the locality, removing high cost counties from a locality will result in lower GPCIs for the remaining counties." (71 FR 69655.)

Plaintiffs have currently identified the following legal issues.

(A) Whether the Secretary has acted unconstitutionally and without authority in failing and refusing to modify the locality structure to ensure that suppliers are appropriately and equitably compensated for services provided to Medicare beneficiaries under Part B;

(B) Whether the Secretary has denied Plaintiffs and Members of the Class equal protection of the law and/or has deprived Plaintiffs and Members of the Class of property interests without due process of law by failing to revise the locality structure;

(C) Whether 42 U.S.C. § 1395w-4(j)(2) and/or 42 C.F.R. § 414.4 are unconstitutional as applied to Plaintiffs and Members of the Class;

(D) Whether the Secretary has unlawfully withheld or unreasonably delayed the reconfiguration of the locality structure since 2001;

(E) Whether the Secretary should be compelled to initiate appropriate action to modify the current locality structure to rectify underpayments to Plaintiffs and Members of the Class;

(F) Whether the Secretary's failure to reconfigure the current locality structure is arbitrary, capricious, or an abuse of discretion;

(G) Whether the Secretary's failure to reconfigure the current locality structure has denied Plaintiffs and Members of the Class a statutory right under 42 U.S.C. § 1395w-4 to receive payments for services provided under Part B of Medicare that reflect the costs of the services they provide relative to the national average of those costs;

(H) Whether the Secretary has unlawfully delegated its duty to reconfigure localities to state medical associations;

(I) Whether the Secretary has the statutory authority to impose statewide budget neutrality on a locality conversion;

(J) Whether the Secretary has statutory authority to modify GPCIs in conjunction with locality changes; and

(K) The type and amount of relief available to Plaintiffs and Members of the Class.

3

Defendant has currently identified the following legal issues:

(A) The establishment of fee-schedule areas is a necessary part of the "establishment of geographic adjustment factors" and is not subject to judicial review under 42 U.S.C. § 1395w-4(i)(1)(D) (exempting agency actions under 42 U.S.C. § 1395w-4(e) from review). Subject-matter jurisdiction is therefore precluded under 42 U.S.C. §§ 1395ff, 1395ii (incorporating 42 U.S.C. §§ 405(g), 405(h)) and 5 U.S.C. § 701(a)(1).[1] Subject-matter jurisdiction also is precluded under 5 U.S.C. § 701(a)(2) because the broad language in 42 U.S.C. § 1395w-4(j)(2) does not create a meaningful standard by which this Court could determine when a nationwide revision of fee schedule areas is required by law.[2]

(B) If the establishment of fee schedule areas were reviewable, subject-matter jurisdiction still would be precluded under 42 U.S.C. § 1395ii (incorporating 42 U.S.C. § 405(h)) because plaintiffs have not properly presented their claims or exhausted the Medicare claims process.[3]

(C) Even if subject-matter jurisdiction existed, there would be no merit in plaintiffs' claim that agency action has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), because the statutory scheme contains no "'specific, unequivocal command," about which the Secretary "has no discretion whatever," to revise fee schedule areas, either according to some time frame or in response to any particular set of economic or demographic changes.[4]

---

[1] See Am. Soc'y of Cataract & Refractive Surgery v. Thompson, 279 F.3d 447, 452-55 (7th Cir. 2002); Painter v. Shalala, 97 F.3d 1351, 1355-56 (10th Cir. 1996); AMA v. Thompson, 2001 WL 619510 at *3-5 (N.D. Ill. May 29, 200); Am. Soc'y of Anesthesiologists v. Shalala, 90 F. Supp. 2d 973, 974-76 (N.D. Ill. 2000).

[2] See Lincoln v. Vigil, 508 U.S. 182, 191 (1993); Webster v. Doe, 486 U.S. 593, 599-600 (1988); Heckler v. Chaney, 470 U.S. 821, 830 (1985); S. Ry. Co. v. Seabord Allied Milling Corp., 442 U.S. 444, 455-56 (1979); Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 410 (1971); Or. Natural Res. Council v. Thomas, 92 F.3d 792, 798-99 (9th Cir. 1996); Nevada v. Watkins, 914 F.2d 1545, 1563-64 (9th Cir. 1990); Clementson v. Brock, 806 F.2d 1402, 1404 (9th Cir. 1986); Rank v. Nimmo, 677 F.2d 692, 699-700 (9th Cir. 1982); Ariz. Power Auth. v. Morton, 549 F.2d 1231, 1239 (9th Cir. 1977); Ferry v. Udall, 336 F.2d 706, 712 (1964).

[3] See Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 10-25 (2000); Heckler v. Ringer, 466 U.S. 602, 616-23 (1984); Weinberger v. Salfi, 422 U.S. 749, 757 (1975); Nat'l Kidney Patients Ass'n v. Sullivan, 958 F.2d 1127, 1130-34 (D.C. Cir. 1992).

[4] Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 63 (2004); see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 891 (1990)); Gros Ventre Tribe v. United States, 469 F.3d 801, 814 (9th Cir. 2006); Ctr. for Biological Diversity v. Veneman, 394 F.3d 1108, 1111-13 (9th Cir. 2005).

(D) Even if subject-matter jurisdiction existed, there would be no merit in plaintiffs' claim that the complained-of failure to reconfigure fee schedule areas is arbitrary and capricious, 5 U.S.C. § 706(2)(A), because an alleged "failure to act"[5] is not "final action" potentially subject to review under the Administrative Procedure Act, 5 U.S.C. § 704, and, in any event, it is reasonable to study the issue carefully before launching on a nationwide revision. In addition, monetary damages are not available under the Medicare Act, 42 U.S.C. § 1395ff(b)(1) (incorporating 42 U.S.C. § 405(g)), or under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. The damages claim therefore fails for lack of a waiver of sovereign immunity.[6]

(E) Even if subject-matter jurisdiction existed, there would be no merit in plaintiffs' due-process claims and equal protection claims because states and their political subdivisions are not persons within the meaning of the Fifth Amendment.[7]

(F) Plaintiffs' due-process claim also fails because a supplier that chooses to treat Medicare patients has no property right to payment in any amount that exceeds the published fee schedule,[8] and nothing in the Medicare statute gives suppliers a right to expect that fee schedule areas will be reconfigured on the basis of any particular set of economic or demographic conditions.

(G) Plaintiffs' equal-protection claim also fails because they have not identified any class of suppliers that have been treated more favorably than they have been treated, and, in any event, there is a rational basis for the Secretary's approach to the possible revision of fee schedule areas.

/ / /

/ / /

/ / /

/ / /

---

[5] Southern Utah, 542 U.S. at 63.

[6] See Franconia Assocs. v. United States, 536 U.S. 129, 141 (2002); United States v. King, 395 U.S. 1, 4 (1969)).

[7] South Carolina v. Katzenbach, 383 U.S. 301, 323-24 (1966); Premo v. Martin, 119 F.3d 764, 771 (9th Cir. 1997); Ariz. State Dep't of Pub. Welfare v. HEW, 449 F.2d 456, 478 (9th Cir. 1971); Cruz v. United States, 387 F. Supp. 2d 1057, 1067 (N.D. Cal. 2005).

[8] Cataract & Refractive Surgery, 279 F.3d at 454-56; Painter, 97 F.3d at 1356-58; AMA, 2001 WL 619510 at *6-7.

(H) Even if subject-matter jurisdiction existed, there would be no merit in plaintiffs' claim based on the non-delegation doctrine because the Secretary has not conferred any ultimate decision-making power on private parties.[9]

(I) The Counties of Santa Barbara, San Luis Obispo, San Diego and Monterey lack standing because they do not operate facilities that are suppliers participating in Medicare Part B.

(J) To the extent that plaintiffs are attempting to challenge the Secretary's statutory authority to have undertaken the 1996 revision of fee schedule areas, their claim is time-barred. 28 U.S.C. § 2401(a).

**4. Motions**

Plaintiffs anticipate filing a motion for class certification and a motion to appoint class counsel in the spring of 2008 and may, if appropriate, file a motion for summary judgment and/or adjudication. Defendant anticipates that he will file a motion to dismiss and a motion for a protective order with respect to any discovery issues that remain unresolved in this scheduling report. If the motion to dismiss is denied in whole or in part, defendant anticipates that he will file a motion for summary judgment.

**5. Amendment of Pleadings**

The parties do not anticipate amendment of pleadings, however plaintiffs do not wish to rule out the possibility if the need arises.

**6. Evidence Preservation**

Plaintiffs believe that preservation of evidence is necessary and will send a formal request to defendant to ensure that it is done. Defendant would be happy to consider any request made by plaintiffs in this regard and do everything practicable to accommodate it.

/ / /

/ / /

---

[9] See Sunshine Anthracite Coal. Co. v. Adkins, 310 U.S. 381, 388 (1940); United States v. Rock Royal Co-Op, Inc., 307 U.S. 533, 577-78 (1939); Currin v. Wallace, 306 U.S. 1, 15-16 (1939); St. Louis, Iron Mountain, & S. Ry. v. Taylor, 210 U.S. 281, 287 (1908); Buttfield v. Stranahan, 192 U.S. 470, 492-97 (1904); Butte City Water Co. v. Baker, 196 U.S. 119, 126-27 (1905); EMR Network v. FCC, 391 F.3d 269, 273 (D.C. Cir. 2004); Cospito v. Heckler, 742 F.2d 72, 88 (3d Cir. 1984); NARUC v. FCC, 737 F.2d 1095, 1144 (D.C. Cir. 1984).

**7. Disclosures**

Plaintiffs believe that initial disclosures are appropriate. Defendant believes that the case is exempt from the initial disclosure requirement under Fed. R. Civ. P. 26(a)(1)(E)(i) because this is a record-review case.[10]

**8. Discovery**

No discovery has taken place. Because this is a record-review case, defendant believes that discovery is not appropriate, but, in any event, the issue should be postponed until after resolution of defendant's motion to dismiss. If initial disclosures are made, plaintiffs agree with defendant that the scheduling of discovery should be postponed pending resolution of defendant's motion to dismiss.

**9. Class Issues**

The parties agree that class-certification issues should be postponed pending resolution of defendant's motion to dismiss.

Plaintiffs' position on class certification is as follows: The specific paragraphs of Fed. R. Civ. P. 23 under which the action is maintainable as a class action are those described in subds. (b)(1), (b)(2), and (b)(3). The class in whose behalf the action is brought is defined as:

> All physicians, practitioners and other persons or entities in the United States (including the Commonwealth of Puerto Rico, the Virgin Islands, Guam, American Samoa and the Northern Mariana Islands): (a) who are "suppliers" as that term is defined in 42 U.S.C. § 1395x(d); (b) who have furnished and provided "medical and other health services" as that term is defined in 42 U.S.C. § 1395x(s) to Medicare beneficiaries under United States Code, Title 42, Chapter 7, Subchapter XVIII, Part B, "Health Insurance for Aged and Disabled" from March 14, 2001 to the present; (c) who have accepted assignments for all items or services furnished to the beneficiaries that are at issue herein; (d) who have waived all rights for payment from any beneficiary with respect to all items or services at issue herein; and (e) who have provided such medical and other health services in counties located in fee schedule areas where the GAF of the county in which the medical and other health services were provided exceeded the weighted average GAF of the remaining counties in the fee schedule area by 5%.

Facts showing that plaintiffs are entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b) are set forth in plaintiffs' complaint in detail. Briefly, there are common issues of law and fact

---

[10] See, e.g., Florida Light & Power Co. v. Lorion, 470 U.S. 729, 744 (1985) (APA); MacKenzie Med. Supply, Inc. v. Leavitt, 419 F. Supp. 2d 766, 770 (D. Md. 2006) (Medicare Act).

7

because all class members provided services in counties that should have been reclassified as separate payment localities, which would have resulted in raising the repayment rates to class members. The number of class members is believed to be over 100,000, making joinder impracticable. Plaintiffs' claims are typical and they will adequately represent the class. Finally, plaintiffs are represented by counsel who are experienced in class action litigation.

Defendant opposes class certification and disputes every argument made by plaintiffs.

**10. Related cases**

Plaintiffs contend that there are two related cases. The first, County of Santa Cruz, et al. v. Centers for Medicare and Medicaid Services, No. 07 C-02889-MCC (filed 6/4/2007, N.D.Ca.) seeks injunctive relief under FOIA compelling Medicare to produce documents relating to the underlying data used by Medicare to calculate GPCIs, RVUs, and GAFs during the relevant period of this action. The second is a class action filed by private individuals on behalf of themselves and a putative class of other Medicare beneficiaries who allegedly overpaid their physicians and other suppliers as a result of the Secretary's failure to modify the fee schedule areas, Marchetti v. Leavitt, No. 07-cv-1179-FCD-KJM (filed 6/18/2007, E.D.Ca.). Defendant does not believe that either of these is a "related case."

**11. Relief**

Plaintiffs describe the relief they seek as follows: Plaintiffs seek declaratory relief, injunctive relief, and damages in the approximate amount of $2.5 billion. Plaintiffs' damages are calculated based on: (a) what plaintiffs and the class members would have received if, when Medicare's internal data showed that the 5% iterative threshold had been reached by a particular county, defendant would have reapplied the 5% iterative method that was used in 1996 to create new localities; less (b) what plaintiffs and the class members actually received. The closely estimated county-by-county amount of those damages is shown on Exhibit 4 to plaintiffs' complaint.

Defendants believe that damages are not authorized as a remedy under either the Medicare Act, 42 U.S.C. § 1395ff, or the APA, 5 U.S.C. § 701-706, and therefore there is no need to consider a method of computation of damages. If changes in Part B payment determinations that have been previously made were to come about as a result of the resolution of this action, the only mechanism

that could hypothetically be used to effect retroactive changes of this kind would be a remand to the Secretary with instructions to revise individual non-final payment determinations.

### 12. Settlement and ADR

Plaintiffs believe that mediation would be productive. Defendant believes that the programmatic nature of this case makes alternative dispute resolution inappropriate.

### 13. Consent to Magistrate Judge for All Purposes

This case was originally assigned to Magistrate Judge Chen, to whom plaintiffs had no objection. Defendant objected to having the proceedings decided by a magistrate judge.

### 14. Other References

The parties agree that reference to binding arbitration or to a special master would not be appropriate for this case. Plaintiffs are prepared to move the Judicial Panel on Multidistrict Litigation for an order transferring the related case filed in the Eastern District to the Northern District and consolidating all three related cases. Defendant opposes consolidation of this action with either of the actions that plaintiffs have characterized as being "related cases."

### 15. Narrowing of Issues

The parties agree that the resolution of defendant's motion to dismiss may either narrow issues or determine certain issues in favor of one party or the other.

### 16. Expedited Scheduling

Plaintiffs believe that expedited scheduling is necessary because the Secretary's failure to modify the fee schedule area structure since 1996 has significantly contributed to a national health care crisis. Defendant believes that expedited scheduling is not appropriate for this case.

### 17. Scheduling

Plaintiffs believe it would be appropriate to schedule trial in this matter for October 2008, and schedule a hearing on plaintiffs' motion to certify a class for the spring of 2008. Plaintiffs will submit a detailed schedule to the Court at the time of the conference. Defendant believes that further scheduling should be postponed until after this Court rules on his motion to dismiss.

/ / /

/ / /

**18. Trial**

Plaintiffs believe that trial in this matter will take ten to fifteen days. Defendant believes that, even if plaintiffs' complaint could survive a motion to dismiss, resolution by a trial would not be appropriate because Medicare and APA review is limited to an administrative record.

**19. Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs' counsel are not aware of the existence of non-party interested persons or entities other than putative class members, and will submit the appropriate certificates at the time of the conference. This requirement does not apply to defendant.

**20. Other Matters**

Not applicable.

Respectfully submitted,

Dated: October 9, 2007     COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP

By: /s/ Dario de Ghetaldi
DARIO DE GHETALDI
Attorneys for Plaintiffs and Members of the Class

Respectfully submitted,

Dated: October 9, 2007

By: /s/ Peter Robbins
PETER ROBBINS
Department of Justice
20 Massachusetts Avenue, N.W., Room 7142
Washington, D.C. 20530
Tel: (202) 514-3953
Attorneys for Defendant

## ADDITIONAL COUNSEL FOR PLAINTIFFS

Dana M. McRae - Bar No. 142231
Santa Cruz County Counsel
Office of the County Counsel
Government Center, County of Santa Cruz
701 Ocean Street, Room 505
Santa Cruz, CA 95060
Tel: 831-454-2040
Fax: 831-454-2115
Attorneys for the County of Santa Cruz

Steven M. Woodside - Bar No. 58684
Sonoma County Counsel
Office of the County Counsel
575 Administration Drive, Suite 105A
Santa Rosa, CA 95403
Tel: 707-565-2421
Fax: 707-565-2624
Attorneys for the County of Sonoma

John J. Sansone - Bar No. 103060
San Diego County Counsel
Office of the County Counsel
County Administration Center
1600 Pacific Highway, Room 355
San Diego, CA 92101
Tel: 619-531-4860
Fax: 619-531-6005
Attorneys for the County of San Diego

Patrick K. Faulkner - Bar No. 70801
Marin County Counsel
Jack F. Govi - Bar No. 88483
Assistant Marin County Counsel
Mari-Ann Gibbs Rivers - Bar No. 117053
Deputy Marin County Counsel
Office of the County Counsel
3501 Civic Center Drive, Suite 303
San Rafael, CA 94903
Tel: 415-499-6117
Fax: 415-499-3796
Attorneys for the County of Marin

Stephen Shane Stark - Bar No. 63779
Santa Barbara County Counsel
Celeste E. Andersen - Bar No. 141965
Deputy Santa Barbara County Counsel
Office of the County Counsel
105 East Anapamu, Suite 201
Santa Barbara, CA 93101
Tel: 805-568-2950
Fax: 805-568-2982
Attorneys for the County of Santa Barbara

James B. Lindholm - Bar No. 43513

San Luis Obispo County Counsel
Patricia Gomez - Bar No. 122536
Deputy San Luis Obispo County Counsel
Office of the County Counsel
1055 Monterey Street, Suite D320
San Luis Obispo, CA 93408
Tel: 805-781-5400
Fax: 805-781-4221
Attorneys for the County of San Luis Obispo

Charles J. McKee - Bar No. 152458
Monterey County Counsel
William M. Litt - Bar No. 166614
Deputy Monterey County Counsel
Office of the County Counsel
168 West Alisal Street, 3rd Floor
Salinas, CA 93901
Tel: 831-755-5045
Fax: 831-755-5283
Attorneys for the County of Monterey

# PROOF OF SERVICE

I, the undersigned, declare that I am over the age of 18 years and not a party to the within cause; my business address is 700 El Camino Real, Millbrae, California 94030.

I served the document(s) listed below as follows:

Date Served:        October 9, 2007

Document Served:    **JOINT INITIAL CASE MANAGEMENT STATEMENT**

Parties Served:     See attached list.

[x] **(BY MAIL)** I placed a true and correct copy of the document(s) in a sealed envelope with first class certified return-receipt requested postage fully prepaid in the United States Mail at Millbrae, California, addressed as shown on the attached list.

[ ] **(BY PERSONAL SERVICE)** I served a true and correct copy of the document(s) by delivering them to the persons shown on the attached list.

[ ] **(BY FEDERAL EXPRESS)** I sent a true and correct copy of the document(s) for delivery to the persons shown on the attached list in accordance with standard Federal Express Overnight delivery procedures.

[ ] **(BY FAX)** I transmitted by facsimile a true and correct copy of the document(s) to the persons shown on the attached list.

[ ] (State)    I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.

[x] (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

The original of any document filed with the court was printed on recycled paper.

Executed on October 9, 2007, at Millbrae, California.

_Susan J. Karnacki_
Susan J. Karnacki

1

| | |
|---|---|
| 1 | **Service List** |

2  **Celeste E. Andersen**
   Office of the County Counsel
3  105 East Anapamu, Suite 201
   Santa Barbara, CA 93101
4

   **Patricia Gomez**
5  Office County Counsel
   1055 Monterey St #D320
6  San Luis Obispo, CA 93408

7  **James Lindholm**
   Office of the County Counsel
8  1055 Monterey Street, Suite D320
   San Luis Obispo, CA 93408
9

   **Charles Joseph McKee**
10 Office of the County Counsel
   County of Monterey
11 168 West Alisal Street
   Third Floor
12 Salinas, CA 93901

13 **John James Sansone**
   Office of the County Counsel
14 1600 Pacific Highway, Room 355
   San Diego, CA 92101
15

   **Stephen Shane Stark**
16 Office of the County Counsel
   105 E Anapamu St Suite 201
17 Santa Barbara, CA 93101-2000

18 **Steven M. Woodside**
   County of Sonoma
19 575 Administration Dr. Rm. 105
   Santa Rosa, CA 95403-2815

20

21

22

23

24

25

26

27

28