Dario de Ghetaldi - Bar No. 126782
Jerry E. Nastari - Bar No. 151756
Amanda L. Riddle - Bar No. 215221
COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP
700 El Camino Real
P.O. Box 669
Millbrae, California  94030-0669
Telephone: (650) 871-5666
Facsimile: (650) 871-4144

Colleen Duffy Smith - Bar No. 161163
Michael G. Reedy - Bar No. 161002
Joshua Voorhees - Bar No. 241436
MCMANIS, FAULKNER & MORGAN
50 West San Fernando Street, Suite 1000
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244

Plaintiffs' Co-Counsel
[Other Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SANTA CRUZ, COUNTY OF SONOMA, COUNTY OF SAN DIEGO, COUNTY OF MARIN, COUNTY OF SANTA BARBARA, COUNTY OF SAN LUIS OBISPO, and COUNTY OF MONTEREY, on behalf of themselves and all others similarly situated, <br><br>  Plaintiffs, <br><br> vs. <br><br> MICHAEL O. LEAVITT, SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br>  Defendant. | CASE NO. C 07 2888 <br><br> **MOTION TO STRIKE DECLARATION OF WILLIAM HARDWICK AND EXTRANEOUS MATERIALS CITED IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** <br><br> DATE:  1/15/2007 <br> TIME:  9:30 a.m. <br> DEPT:  The Hon. Martin Jenkins |

**NOTICE AND MOTION**

Plaintiffs COUNTY OF SANTA CRUZ, COUNTY OF SONOMA, COUNTY OF SAN DIEGO, COUNTY OF MARIN, COUNTY OF SANTA BARBARA, COUNTY OF SAN LUIS OBISPO, and COUNTY OF MONTEREY hereby move for an order striking the following documents, and any and all reference to them, submitted in support of and/or referenced in Defendant MICHAEL O. LEAVITT, SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES', Motion to Dismiss:

(1) Exhibit "A" to Defendant's Motion to Dismiss, the Declaration of William Hardwick in Support of Defendant's Motion to Dismiss – referenced in Defendant's Memorandum of Points and Authorities in Support of his Motion to Dismiss ("Defendant's MPA") at p. 25:1-5.

(2) Other Materials

(a) CMS, Medicare Claims Processing Manual – referenced in Defendant's MPA at p. 17:6-11;

(b) GAO, Medicare: Geographic Areas Used to Adjust Physician Payments for Variation in Practice Costs Should Be Revised (07-466 June 2007) – referenced in Defendant's MPA at pp. 8:17-12:17.

This motion is noticed for January 15, 2008, at 9:30 a.m., before the Honorable Martin J. Jenkins, in Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, California.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On June 4, 2007, Plaintiffs filed their Class Action Complaint on behalf of themselves and all others similarly situated against Defendant for violations of constitutional and statutory rights related to Defendant's establishment of fee schedule areas or localities used by the Center for Medicare and Medicaid Services as a basis for its methodology for calculating payments to "suppliers" who provide medical services and supplies to Medicare beneficiaries.

On October 23, 2007, Defendant filed a motion to dismiss the Class Action Complaint.  In support of the motion, Defendant improperly submitted Exhibit "A", the Declaration of William

Hardwick in Support of Defendant's Motion to Dismiss (the "Hardwick Declaration."). Defendant also cited to, but did not submit or request judicial notice of, additional documents which are not referenced in Plaintiffs' Class Action Complaint.[1] Defendant goes on to use these extraneous materials in an attempt to dispute the facts alleged in the Class Action Complaint and to support premature arguments regarding the merits of Plaintiffs' case. Such argument is clearly inappropriate at this stage of the litigation. For the reasons stated below, the Hardwick Declaration and any and all reference to it in the moving papers, as well as any and all reference to the other extraneous materials, should be stricken.

## II. ARGUMENT

### A. THE COURT SHOULD NOT CONSIDER DOCUMENTS OUTSIDE OF THE COMPLAINT

Defendant's submission of the Hardwick Declaration and reference to extraneous materials disregards clear authority limiting courts to the face of the complaint when considering motions to dismiss. (*Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) [The court cannot consider material outside the complaint such as facts presented in briefs, affidavits or discovery materials.]; *see also Franklin Sav. Corp. v. United States*, 970 F.Supp. 855, 861, fn. 4 (D. Kan. 1997) [The court elects not to consider two affidavits attached to defendants' motion to dismiss "or any other material extraneous to the complaint in ruling on defendants' motion."]; *see also In re United Telecomms, Inc. Sec. Litig.,* 781 F. Supp. 696, 701, fn. 1 (D.Kan. 1991) [The court cannot consider extraneous materials to put allegations in context.].)

The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. (*Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir. 1998) .) As a result, in its motion to dismiss, defendant is not permitted to dispute those allegations or argue the merits of the case. (*De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1976) ["The issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims. Moreover, in passing on a motion to

---

[1] A court may not take judicial notice on its own, without affording the parties an opportunity to be heard. (*Cooperativa de Ahorro Y Credito Aguada v. Kidder, Peabody & Co.* (1st Cir. 1993) 993 F.2d 269, 273.)

3

1 dismiss, the allegations of the complaint should be construed favorably to the pleader."].)

2 **First**, Defendant submits the Hardwick Declaration in support of his attack on the standing of Plaintiffs the Counties of Santa Barbara, San Luis Obispo, San Diego and Monterey to bring this action. Such a declaration may not be considered on a motion to dismiss. (*Arpin, supra,* 261 F.3d at p. 925.) In addition, the facts supporting each plaintiff's standing to bring this action are clearly stated in the Class Action Complaint, and those facts must be accepted as true by this Court:

"22.    "Plaintiffs are "suppliers" as that term is defined in 42 U.S.C. § 1395x(d) and furnish and provide medical and other health services to Medicare beneficiaries under United States Code, Title 42, Chapter 7, Subchapter XVIII, Part B, "Health Insurance for Aged and Disabled."

"23.    Plaintiffs have accepted assignments from Medicare beneficiaries in order to receive payment directly from Medicare for all items or services furnished to the beneficiaries that are at issue in this action.

"24.    Plaintiffs' standing to assert the issues raised in this action arises from their status as assignees of the beneficiaries from whom they have accepted assignments."
(Complaint, p. 5:19-26.)

The Court should strike the Hardwick Declaration because it is outside of the four corners of the Class Action Complaint, and improperly seeks to dispute allegations therein. (*Arpin, supra,* 261 F.3d at p. 925; *De La Cruz, supra,* 582 F.2d at p. 48.)

**Second**, Defendant cites the CMS, <u>Medicare Claims Processing Manual</u> in support of his *interpretation* of the CMS contractor's letter of May 11, 2007, to Plaintiffs sent in response to the claim filed by Plaintiffs with the contractor. (Defendant's MPA at p. 17:6-11.) Defendant may not dispute or interpret the facts stated in the Class Action Complaint in his motion to dismiss. (*De La Cruz, supra,* 582 F.2d at p. 48.) The reference to this document and the argument that it supports should be stricken. (*Arpin, supra,* 261 F.3d at p. 925.)

**Third**, in Defendant's most glaring disregard for the authority governing motions to dismiss, he spends *four pages* discussing material and facts that are not only outside the Class Action Complaint, but that *did not even exist* at the time that Plaintiffs filed the complaint. In Defendant's MPA at pp. 8:17-12:17, Defendant discusses the Government Accountability Office

4

1 report, Medicare: Geographic Areas Used to Adjust Physician Payments for Variation in Practice
2 Costs Should Be Revised (07-466 June 2007), as well as his subsequent response to that report, in
3 an obvious attempt to dispute the merits of Plaintiff's case and validate Defendant's actions.  The
4 reference to this document and the entire related discussion should be stricken.  (*Arpin, supra,* 261
5 F.3d at p. 925; *see also De La Cruz, supra,* 582 F.2d at p. 48 ["The issue is not whether a plaintiff's
6 success on the merits is likely but rather whether the claimant is entitled to proceed beyond the
7 threshold in attempting to establish his claims.].)

**B.   IF EXTRANEOUS MATERIALS ARE CONSIDERED, THE MOTION MUST BE CONVERTED TO A MOTION FOR SUMMARY JUDGMENT**

10 Should the Court choose to consider the Hardwick Declaration and the extraneous materials
11 cited by Defendant, the motion to dismiss must be converted to a motion for summary judgment and
12 disposed of pursuant to Rule 56.  (Fed.R.Civ.P 12(b) [If factual matters outside the pleadings are
13 submitted in support of a motion pursuant to Rule 12(b)(6) and not excluded by the court, the motion
14 must be treated as a summary judgment motion under Rule 56.].)  If the court treats the motion as
15 one for summary judgment, "all parties shall be given reasonable opportunity to present all material
16 made pertinent to such a motion by Rule 56."  (*Ibid; see also Ohio v. Peterson, Lowry, Rall, Barber*
17 *& Ross*, 585 F.2d 454, 457 ["[T]o treat a motion to dismiss as a motion for summary judgment
18 without permitting the adverse party an opportunity to present pertinent material is error.")

**III.   CONCLUSION**

20 For the foregoing reasons, Plaintiffs respectfully request that the Hardwick Declaration and
21 the extraneous materials cited by Defendant in support of his motion to dismiss, and any and all
22 reference to such materials, be stricken.

23 Dated: November 20, 2007      COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP

    /S/ Dario de Ghetaldi
25 Dario de Ghetaldi (SBN 126782)
    Jerry E. Nastari (SBN 151756)
26 Amanda L. Riddle (SNB 215221)
    700 El Camino Real
27 Millbrae, CA 94030
    Telephone: 650-871-5666
28 Facsimile: 650-871-4144

1  Colleen Duffy Smith (SBN 161163)
   Michael G. Reedy (SBN 161002)
2  MCMANIS, FAULKNER & MORGAN LLP
   50 West San Fernando Street, Suite 1000
3  San Jose, CA 95113
   Telephone: (408) 279-8700
4  Facsimile: (408) 279-3244

5  Attorneys for Plaintiffs and Members of the
   Putative Class

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO STRIKE DECLARATION OF WILLIAM HARDWICK IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

**ADDITIONAL COUNSEL FOR PLAINTIFFS**

Dana M. McRae - Bar No. 142231
Santa Cruz County Counsel
Office of the County Counsel
Government Center, County of Santa Cruz
701 Ocean Street, Room 505
Santa Cruz, CA 95060
Tel: 831-454-2040
Fax: 831-454-2115
Attorneys for the County of Santa Cruz

Steven M. Woodside - Bar No. 58684
Sonoma County Counsel
Office of the County Counsel
575 Administration Drive, Suite 105A
Santa Rosa, CA 95403
Tel: 707-565-2421
Fax: 707-565-2624
Attorneys for the County of Sonoma

John J. Sansone - Bar No. 103060
San Diego County Counsel
Office of the County Counsel
County Administration Center
1600 Pacific Highway, Room 355
San Diego, CA 92101
Tel:619-531-4860
Fax: 619-531-6005
Attorneys for the County of San Diego

Patrick K. Faulkner - Bar No. 70801
Marin County Counsel
Jack F. Govi - Bar No. 88483
Assistant Marin County Counsel
Mari-Ann Gibbs Rivers - Bar No. 117053
Deputy Marin County Counsel
Office of the County Counsel
3501 Civic Center Drive, Suite 303
San Rafael, CA 94903
Tel: 415-499-6117
Fax: 415-499-3796
Attorneys for the County of Marin

Stephen Shane Stark - Bar No. 63779
Santa Barbara County Counsel
Celeste E. Andersen - Bar No. 141965
Deputy Santa Barbara County Counsel
Office of the County Counsel
105 East Anapamu, Suite 201
Santa Barbara, CA 93101
Tel: 805-568-2950
Fax: 805-568-2982
Attorneys for the County of Santa Barbara

James B. Lindholm - Bar No. 43513
San Luis Obispo County Counsel
Patricia Gomez - Bar No. 122536
Deputy San Luis Obispo County Counsel
Office of the County Counsel
1055 Monterey Street, Suite D320
San Luis Obispo, CA 93408
Tel: 805-781-5400
Fax: 805-781-4221
Attorneys for the County of San Luis Obispo

Charles J. McKee - Bar No. 152458
Monterey County Counsel
William M. Litt - Bar No. 166614
Deputy Monterey County Counsel
Office of the County Counsel
168 West Alisal Street, 3rd Floor
Salinas, CA 93901
Tel: 831-755-5045
Fax: 831-755-5283
Attorneys for the County of Monterey

MOTION TO STRIKE DECLARATION OF WILLIAM HARDWICK IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS