JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

SCOTT N. SCHOOLS
United States Attorney

SHEILA M. LIEBER
Deputy Director
Federal Programs Branch

PETER ROBBINS
U.S. Department of Justice
20 Massachusetts Ave, NW, Room 7142
Washington, DC  20530
Telephone:     (202) 514-3953
Facsimile:      (202) 616-8470
Email:  peter.robbins@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SANTA CRUZ, et al. | Case No. C 07-2888 MJJ |
| Plaintiffs, | **DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DECLARATION OF WILLIAM HARDWICK AND EXTRANEOUS MATERIALS CITED IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| MICHAEL O. LEAVITT, | |
| Defendant. | Date:  January 15, 2008<br>Time:  9:30 a.m.<br>Place:  Courtroom 11, 19th Floor |

Plaintiffs' motion to strike or, in the alternative, to convert defendant's motion to dismiss into one for summary judgment, merits little response. Both arguments lack any merit whatsoever.

With respect to the motion to strike, the only evidence submitted by defendant in support of his motion to dismiss is the Declaration of William Hardwick (Def. Ex. A), which relates exclusively to the jurisdictional issue of standing. See Defendant's Motion and Notice of Motion to Dismiss and Memorandum in Support Thereof ("Def. Mem.") at 25 (Doc. 28). It is well settled, in turn, that a challenge to the subject-matter jurisdiction of a federal court may be made under Fed. R. Civ. P. 12(b)(1) "either on the face of the pleadings or by presenting extrinsic

DEF. OPP. TO PL. MOTION TO STRIKE
C 07-2888 MJJ

1   evidence." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); see also
2   Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996) (defendant may challenge the "formal
3   sufficiency of the complaint" or "attack the substance of a complaint's jurisdictional allegations")
4   (quoting St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989)).  Only in the former case
5   must "all of the plaintiffs' allegations" be "accept[ed] as true" by the court.  Id. (quoting
6   McGowan v. Scoggins, 890 F.2d 128, 136 (9th Cir. 1989)).  In the latter case, "the district court is
7   not restricted to the face of the pleadings, but may review any evidence, such as affidavits and
8   testimony," McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988) (citing Land v. Dollar,
9   330 U.S. 731, 735 n.4 (1947)), and submission of such evidence does not convert the motion to
10  dismiss into one for summary judgment.  Id. (citing Biotics Research Corp. v. Heckler, 710 F.2d
11  1375, 1379 (9th Cir. 1983)).  Thus, plaintiffs' contentions that a declaration "may not be
12  considered" in support of an "attack on the standing" of certain plaintiffs, Plaintiffs' Motion to
13  Strike Declaration of William Hardwick and Extraneous Materials Cited in Support of
14  Defendant's Motion to Dismiss ("Pl. Strike Motion") at 4 (Doc. 42), and that consideration of
15  such a declaration converts the motion to one for summary judgment, id. at 5, are both simply
16  wrong.[1]

17      The rest of plaintiffs' motion is merely puzzling.  Plaintiffs' contention that defendant's
18  opening memorandum impermissibly cites a provision of the Medicare Claims Processing
19  Manual in "support of his interpretation" of a decisional letter written by a Medicare claims

---

[1] Two of the decisions on which plaintiffs rely for a contrary proposition, Pl. Strike Motion at 3, addressed the standard of review on a motion for failure to state a claim under Rule 12(b)(6), not a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1).  See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 924-25 (9th Cir. 2001) (finding that plaintiff "adequately states a claim" of a violation of the Fourth Amendment even though "evidence outside the complaint" suggests it lacks factual support); In re United Telecomms., Inc. Sec. Litig., 781 F. Supp. 696, 701 n.1 (D. Kan. 1991) (dismissal of securities fraud case on Rule 12(b)(6) motion must be based "on the pleadings").  In the only other decision cited by plaintiffs on this point, the court found it unnecessary to address whether an evidentiary submission required conversion to summary judgment (where the jurisdictional and merits issues were "intertwined"), because it did not need to rely on evidentiary material to resolve the motion. Franklin Sav. Corp. v. United States, 970 F. Supp. 855, 861 & n. 4 (D. Kan. 1997).

DEF. OPP. TO PL. MOTION TO STRIKE
C 07-2888 MJJ                                         -2-

1  contractor, Pl. Strike Motion at 4 (emphasis in original), is mystifying.  The allegedly offending
2  passage describes the reasons given by a Medicare contractor for declining to take action in
3  response to a lengthy, brief-like document submitted to it by plaintiffs on the subject of the
4  configuration of fee schedule areas for purposes of Medicare Part B.  Defendant's memorandum
5  states that the contractor treated plaintiffs' document "as a request for a redetermination of some
6  earlier (and unidentified) initial determination on a Part B claim" and, on the basis of that
7  submission, "the contractor determined that the request was deficient 'because it omits claims
8  identifying information' required by the Medicare Claims Processing Manual, Ch. 29,
9  § 310.1B.2.b, such as the 'beneficiary name, [Health Insurance Claim] number, description of the
10 service, and date of service.'"  Def. Mem. at 17 (quoting Letter of NHIC, Corp. dated May 11,
11 2007 at 1).  The letter quoted by defendant – which itself is attached to plaintiffs' own complaint
12 as Exhibit 9 – informed plaintiffs that the contractor "has reviewed your March 14, 2007
13 submission to determine whether it constitutes a request for redetermination of an initial payment
14 determination under Medicare Part B," Letter of NHIC Corp. at 1, and concluded that "your
15 submission does not constitute a request for redetermination because it omits claims identifying
16 information required in Medical [sic] Claims Processing Manual, IOM Publication 100-04,
17 Chapter 29, section 310.1B.2.b.  For example, information such as beneficiary name, HIC
18 number, description of service and date of service is not provided."  Id.  Defendant's description
19 of the contractor's letter therefore does nothing more than correct an obvious typographical error
20 and clarify an arguably obscure abbreviation in the text of a document that plaintiffs themselves
21 appended to their complaint.
22     A document "attached to a complaint," of course, is incorporated in it, Knievel v. ESPN, 393
23 F.3d 1068, 1076 (9th Cir. 2005) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d
24 1542, 1555 n.19 (9th Cir. 1990)), and a court "may assume that its contents are true for purposes
25 of a motion to dismiss." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  The same
26 rule applies to documents that are referenced in the pleading, but are not "physically attached."
27 Knievel, 393 F.3d at 1076 (quoting In re Silicon Graphics, Inc. Sec. Litig., 183 F.3d 970, 986 (9th
28

DEF. OPP. TO PL. MOTION TO STRIKE
C 07-2888 MJJ                          -3-

1  Cir. 1999), and Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994)).  Plaintiffs therefore cannot
2  be heard either to challenge the contents of the contractor's letter or to object to defendant's
3  citation to a manual that they themselves placed before the Court.  In any event, the issue to
4  which the manual provision relates – the "presentment" and "exhaustion" requirements of 42
5  U.S.C. § 1395ff(b) – is a question of a subject-matter jurisdiction, as to which argument is not
6  limited to the pleadings.

7       Finally, plaintiffs' objection to defendant's citation to a report submitted to Congress by the
8  Government Accountability Office ("GAO Report"), Pl. Strike Motion at 4-5, serves no purpose.
9  In the first place, a report submitted by the GAO to its congressional employer may be
10 considered, on motion to dismiss, on the basis of the "Court's own research."  Witt v. Dep't of Air
11 Force, 444 F. Supp. 2d 1138, 1148 & n.4 (W.D. Wash. 2006).  In any case, the discussion in the
12 GAO report merely serves to illustrate, for purposes of equal-protection analysis, that a
13 "reasonably conceivable state of facts" could exist to show the rationality of the agency's
14 challenged course of action, Heller v. Doe, 509 U.S. 312, 319 (1993) (quoting FCC v. Beach
15 Commc'ns, Inc., 508 U.S. 307, 313 (1993)), a legal conclusion that itself requires no "courtroom
16 fact-finding and may be based on rational speculation unsupported by evidence or empirical
17 data."  Beach, 508 U.S. at 315.  A description of the GAO report now appears anyway in the
18 most recent discussion of the Medicare fee-schedule-area issue published in the Federal Register.
19 72 Fed. Reg. 66,222, 66,246 (Nov. 27, 2007).  The GAO report could be completely "excluded
20 by the court," Fed. R. Civ. P. 12(d), without affecting the analysis of the motion to dismiss and
21 without converting the proceedings into one for summary judgment.[2]  Plaintiffs' objection to

---

23  [2] See Swedberg v. Marotzke, 339 F.3d 1139, 1144 (9th Cir. 2003) ("motion to dismiss
24 supported by extraneous materials cannot be regarded as one for summary judgment until the
district court acts to convert the motion by indicating that it will not exclude from its
25 consideration of the motion the supporting extraneous materials") (citation omitted); Keams v.
Tempe Technical Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997) ("a 12(b)(6) motion need not be
26 converted into a motion for summary judgment where matters outside the pleadings are
introduced, provided that 'nothing in the record suggest[s] reliance' on those extraneous
27 materials") (quoting N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 582 (9th Cir. 1983));
28 Lodge 1380, Bhd. of Ry, Airline & S.S. Clerks, Freight Handlers, Express & Station Employees

1  defendant's discussion of the GAO report in the "background" section of his opening

2  memorandum is therefore a quibble over nothing.

3  **CONCLUSION**

4  For the reasons stated, plaintiffs' motion to strike should be denied.

5  Respectfully submitted,

OF COUNSEL:
6  DANIEL MERON                         JEFFREY S. BUCHOLTZ
   General Counsel                       Acting Assistant Attorney General
7
   CAROL J. BENNETT                     SCOTT N. SCHOOLS
8  Acting Associate General Counsel     United States Attorney

9  MARK D. POLSTON
   Deputy Associate
10 General Counsel for Litigation        /s/ Peter Robbins
                                         SHEILA M. LIEBER
11 GIOCONDA MOLINARI                    PETER ROBBINS
   H. ANTONY LIM                        Department of Justice
12 LAWRENCE J. HARDER                   20 Massachusetts Avenue, N.W., Room 7142
   Attorneys                            Washington, D.C.  20530
13 U.S. Department of Health            Tel:  (202) 514-3953
   and Human Services                   Attorneys for Defendant

---

25
26 (BRAC) v. Dennis, 625 F.2d 819, 825 (9th Cir. 1980) (upholding dismissal where "express
   reason" for dismissal was that complaint "'fails to state a claim for which relief can be granted,'
27 and nothing in the record suggests reliance on [an] affidavit") (footnote omitted).  Indeed, this is
   exactly what the court did in one of the cases outside this Circuit on which plaintiffs rely.
28 Franklin Sav. Corp., 970 F. Supp. at 861 & n.4.

DEF. OPP. TO PL. MOTION TO STRIKE
C 07-2888 MJJ                             -5-

**CERTIFICATE OF SERVICE**

Pursuant to 28 U.S.C. § 1746, I hereby certify that, this 21st day of December, 2007, I caused copies of the foregoing document to be served electronically on the following persons at the following electronic addresses:

    Dario DeGhetaldi
    deg@coreylaw.com

    Colleen Duffy Smith
    cduffysmith@mfmlaw.com,spuumala@mfmlaw.com

    Patrick Key Faulkner
    pfaulkner@co.marin.ca.us,jmichaels@co.marin.ca.us

    Jack F. Govi
    jgovi@co.marin.ca.us,pjackson@co.marin.ca.us

    William Merrill Litt
    littwm@co.monterey.ca.us, littw@co.monterey.ca.us

    Dana Maureen McRae
    dana.mcrae@co.santa-cruz.ca.us

    Jerry E. Nastari
    jen@coreylaw.com,deg@coreylaw.com

    Michael Gannon Reedy
    mreedy@mfmlaw.com,smaes@mfmlaw.com

    Amanda L. Riddle
    alr@coreylaw.com

    Mari-Ann Gibbs Rivers
    mrivers@co.marin.ca.us,adooley@co.marin.ca.us

and by first class mail, postage prepaid, on:

    Celeste E. Andersen
    Office of the County Counsel
    105 East Anapamu, Suite 201
    Santa Barbara, CA 93101

    Patricia Gomez
    Office County Counsel
    1055 Monterey St #D320
    San Luis Obispo, CA 93408

    James Lindholm
    Office of the County Counsel
    1055 Monterey Street, Suite D320
    San Luis Obispo, CA 93408

|   |   |
|---|---|
| 1 | |
| 2 | Charles Joseph McKee<br>Office of the County Counsel<br>County of Monterey |
| 3 | 168 West Alisal Street<br>Third Floor |
| 4 | Salinas, CA 93901 |
| 5 | John James Sansone<br>Office of the County Counsel |
| 6 | 1600 Pacific Highway, Room 355<br>San Diego, CA 92101 |
| 7 | |
| 8 | Stephen Shane Stark<br>Office of the County Counsel<br>105 E Anapamu St Suite 201 |
| 9 | Santa Barbara, CA 93101-2000 |
| 10 | Steven Michael Woodside<br>County of Sonoma |
| 11 | 575 Administration Dr. Rm. 105<br>Santa Rosa, CA 95403-2815 |

December 21, 2007       /s/ Peter Robbins
                        PETER ROBBINS

DEF. OPP. TO PL. MOTION TO STRIKE
C 07-2888 MJJ