Dario de Ghetaldi - Bar No. 126782
Jerry E. Nastari - Bar No. 151756
Amanda L. Riddle - Bar No. 215221
COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP
700 El Camino Real
P.O. Box 669
Millbrae, California 94030-0669
Telephone: (650) 871-5666
Facsimile: (650) 871-4144

Colleen Duffy Smith - Bar No. 161163
Michael G. Reedy - Bar No. 161002
Joshua Voorhees - Bar No. 241436
MCMANIS, FAULKNER & MORGAN
50 West San Fernando Street, Suite 1000
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244

Plaintiffs' Co-Counsel
[Other Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SANTA CRUZ, COUNTY OF SONOMA, COUNTY OF SAN DIEGO, COUNTY OF MARIN, COUNTY OF SANTA BARBARA, COUNTY OF SAN LUIS OBISPO, and COUNTY OF MONTEREY, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>MICHAEL O. LEAVITT, SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Defendant. | CASE NO. C 07 2888 MJJ<br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DECLARATION OF WILLIAM HARDWICK AND EXTRANEOUS MATERIALS CITED IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>DATE: 1/15/2008<br>TIME: 9:30 a.m.<br>LOCATION: Courtroom 11, 19th Floor<br>TRIAL: None Set |

1

1  In his opposition, Defendant contends that his attack on the standing of Plaintiffs the Counties of Santa Barbara, San Luis Obispo, San Diego and Monterey's to bring this action is made under Fed. R. Civ. P. 12(b)(1).[1]  However, courts disagree whether an attack on standing should be addressed under Rule 12(b)(1) or 12(b)(6).  The Ninth Circuit holds that a motion to dismiss for failure to state a claim under Rule 12(b)(6) lies where the complaint reveals on its face that plaintiff lacks standing.  *Sacks v. Office of Foreign Assets Control* 466 F3d 764, 771 (9th Cir. 2006) ["To survive a Rule 12(b)(6) motion to dismiss, [the plaintiff] must allege facts in his Amended Complaint that, if proven, would confer standing upon him."].)  As such, affidavits and materials outside of the complaint may not be considered when determining whether the Plaintiffs have standing in this matter.  *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) [The court cannot consider material outside the complaint such as facts presented in briefs, affidavits or discovery materials.]; *see also Franklin Sav. Corp. v. United States*, 970 F.Supp. 855, 861, fn. 4 (D. Kan. 1997) [The court elects not to consider two affidavits attached to defendants' motion to dismiss "or any other material extraneous to the complaint in ruling on defendants' motion."]; *see also In re United Telecomms, Inc. Sec. Litig.,* 781 F. Supp. 696, 701, fn. 1 (D.Kan. 1991) [The court cannot consider extraneous materials to put allegations in context.].

*Warren v. Fox Family Worldwide, Inc.*, 328 F.2d 1136 (9th Cir. 2003), cited by Defendant, addresses the issue of standing under a Rule 12(b)(1) motion to dismiss.  However, it cites to *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.2000)*,* which states that "[w]ith a factual Rule 12(b)(1) attack, however, a court may look beyond the complaint ***to matters of public record*** without having to convert the motion into one for summary judgment.".] [Emphasis added.].)  Neither case states that the Court can consider affidavits based on non-public material when reviewing the issue of standing.

Most importantly, the Ninth Circuit in *Warren* confirmed that when at the motion to dismiss stage the plaintiff ***"need only show that the facts alleged, if proved, would confer***

---

[1] It should be noted that it appears that Defendant has conceded that all Plaintiffs have standing in this case as he does not address the issue of standing in his reply to the Motion to Dismiss.

2

REPLY TO OPPOSITION TO  MOTION TO STRIKE HARDWICK DECL. AND EXTRANEOUS MATERIALS CITED ISO MOTION TO DISMISS

*standing upon him*." (*Warren,* 328 F.3d at 1140 [emphasis added].)  Plaintiffs have done this in paragraphs 22-24 of their Complaint.[2]

Regardless, as more fully set forth in Exhibits 1-4 to the Declaration of Dario de Ghetaldi in Support of Plaintiffs' Opposition to the Motion to Dismiss, the Complaint can be amended, if necessary, to include the numerous Medicare billing numbers used by each of the four challenged plaintiffs during the relevant time period and which were not located by Mr. Hardwick in his efforts, and which show that these four Plaintiffs do intend have standing to bring this action.

With regard to Defendant's citation to the Medicare Claims Processing Manual, this document is not cited in or incorporated into Plaintiffs' Complaint.  While Plaintiffs attached as Exhibit 9 to the Complaint the Letter of NHIC, Corp., dated May 11, 2007, and this letter refers to the Medicare Claims Processing Manual, the manual itself is not attached to the Complaint, and there is no mention of the manual in the Complaint.  Moreover, Defendant's ***description*** of Exhibit 9 is premature.

Consideration of the report entitled: <u>Medicare: Geographic Areas Used to Adjust Physician Payments for Variation in Practice Costs Should Be Revised</u> (07-466 June 2007), as well as Defendant's subsequent response to that report, is wholly inappropriate on the motion to dismiss.  The only question at this stage is whether the Complaint is sufficient as pled.  The Court cannot consider extraneous materials.  *In re United Telecomms, Inc. Sec. Litig.,* 781 F. Supp. at 701, fn. 1 [The court cannot consider extraneous materials to put allegations in context.].

While the court in *Witt v. United States Department of the Air Force*, 444 F.Supp.2d 1138 (W.D. Wash. 2006) conducted its own research and reviewed a GAO Report, that does not mean that Defendant is permitted to spend four pages discussing the report in his motion to dismiss and using it to dispute the merits of Plaintiffs' case.  Furthermore, there is nothing in the

---

[2] The remainder of the cases cited by Defendant to support his contention that the Declaration of William Hardwick may be considered by this Court when determining whether Plaintiffs have standing to bring this action, do not deal with standing at all.  *See Dreier v. United States*, 106 F.3d 844 (9th Cir. 1996) [application of the *Feres* Doctrine (injury or death during military service).]; *St . Clair v. City of Chico*, 880 F.2d 199 (9th Cir. 1989) [ripeness]; *McCarthy v. United States*, 850 F.2d 558 [whether claim falls within the immunity provision of the Flood Control Act of 1928.]; *Biotics Research Corp. V. Heckler*, 710F.2d 1375 (9th Cir. 1983) [question of whether administrative remedies had been exhausted.]

*Witt* opinion that indicates that the report that the court reviewed there was generated after the complaint at issue was filed. The GAO report at issue here should not be considered by the Court when ruling on Defendant's motion to dismiss.

Dated: January 2, 2008

                              COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP

                              By:      /s/ Dario de Ghetaldi
                                  Dario de Ghetaldi (SBN 126781)
                                  Jerry E. Nastari (SBN 151756)
                                  Amanda L. Riddle (SBN 215221)
                                  COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP
                                  700 El Camino Real
                                  Millbrae, CA 94030
                                  Telephone: 650-871-5666
                                  Facsimile: 650-871-4144

                                  Colleen Duffy Smith (SBN 161163)
                                  Michael G. Reedy (SBN 161002)
                                  McManis, Faulkner & Morgan LLP
                                  50 West San Fernando Street, Suite 1000
                                  San Jose, CA 95113
                                  Telephone: (408) 279-8700
                                  Facsimile: (408) 279-3244

# ADDITIONAL COUNSEL FOR PLAINTIFFS

Dana M. McRae - Bar No. 142231
Santa Cruz County Counsel
Office of the County Counsel
Government Center, County of Santa Cruz
701 Ocean Street, Room 505
Santa Cruz, CA 95060
Tel: 831-454-2040
Fax: 831-454-2115
Attorneys for the County of Santa Cruz

Steven M. Woodside - Bar No. 58684
Sonoma County Counsel
Office of the County Counsel
575 Administration Drive, Suite 105A
Santa Rosa, CA 95403
Tel: 707-565-2421
Fax: 707-565-2624
Attorneys for the County of Sonoma

John J. Sansone - Bar No. 103060
San Diego County Counsel
Office of the County Counsel
County Administration Center
1600 Pacific Highway, Room 355
San Diego, CA 92101
Tel:619-531-4860
Fax: 619-531-6005
Attorneys for the County of San Diego

Patrick K. Faulkner - Bar No. 70801
Marin County Counsel
Jack F. Govi - Bar No. 88483
Assistant Marin County Counsel
Mari-Ann Gibbs Rivers - Bar No. 117053
Deputy Marin County Counsel
Office of the County Counsel
3501 Civic Center Drive, Suite 303
San Rafael, CA 94903
Tel: 415-499-6117
Fax: 415-499-3796
Attorneys for the County of Marin

Stephen Shane Stark - Bar No. 63779
Santa Barbara County Counsel
Celeste E. Andersen - Bar No. 141965
Deputy Santa Barbara County Counsel
Office of the County Counsel
105 East Anapamu, Suite 201
Santa Barbara, CA 93101
Tel: 805-568-2950
Fax: 805-568-2982
Attorneys for the County of Santa Barbara

James B. Lindholm - Bar No. 43513
San Luis Obispo County Counsel
Patricia Gomez - Bar No. 122536
Deputy San Luis Obispo County Counsel
Office of the County Counsel
1055 Monterey Street, Suite D320
San Luis Obispo, CA 93408
Tel: 805-781-5400
Fax: 805-781-4221
Attorneys for the County of San Luis Obispo

Charles J. McKee - Bar No. 152458
Monterey County Counsel
William M. Litt - Bar No. 166614
Deputy Monterey County Counsel
Office of the County Counsel
168 West Alisal Street, 3rd Floor
Salinas, CA 93901
Tel: 831-755-5045
Fax: 831-755-5283
Attorneys for the County of Monterey

REPLY TO OPPOSITION TO MOTION TO STRIKE HARDWICK DECL. AND EXTRANEOUS MATERIALS CITED ISO MOTION TO DISMISS