JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOSEPH P. RUSSONIELLO
United States Attorney

SHEILA M. LIEBER
Deputy Director
Federal Programs Branch

PETER ROBBINS
U.S. Department of Justice
20 Massachusetts Ave, NW, Room 7142
Washington, DC  20530
Telephone:    (202) 514-3953
Facsimile:    (202) 616-8470
Email: peter.robbins@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SANTA CRUZ, et al. | Case No. C 07-2888 MJJ |
| Plaintiffs, | |
| v. | **DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS** |
| MICHAEL O. LEAVITT, | |
| Defendant. | Date:  January 15, 2008<br>Time:  9:30 a.m.<br>Place: Courtroom 11, 19th Floor |

By Civil Minute Order dated January 15, 2008 (Doc. 49), this Court granted defendant in the above-captioned action leave to file a supplemental memorandum addressing two decisions cited for the first time by plaintiffs at oral argument.  Pursuant to that order, defendant respectfully submits the following supplemental memorandum in support of his motion to dismiss.

It is hard to make any sense of plaintiffs' contention that Bedford County Memorial Hospital v. HHS, 769 F.2d 1017 (4th Cir. 1985), provides an example of "at least one theory," Transcript of Proceedings dated January 15, 2008 at 24, that might survive dismissal if judicial review of fee schedule areas were deemed to be precluded under 42 U.S.C. § 1395w-4(i)(1)(D).  The

Bedford case dealt with reimbursement made to hospitals for the cost of inpatient services under Medicare Part A (not the reimbursement of beneficiaries and their supplier-assignees under Medicare Part B under the fee schedule at issue in this case), and it arose at a time when inpatient hospital services were reimbursed on the basis of the reasonable cost of the services, 42 U.S.C. § 1395f(b)(1), as defined by 42 U.S.C. § 1395x(v)(1).[1]  The plaintiff hospitals successfully challenged a regulation that had altered the way the malpractice component of the reasonable cost of inpatient hospital services was calculated.  In that case, there was no statute barring administrative or judicial review of the reasonable-cost determination, and therefore the court had no occasion to address any issue involving non-reviewability.  In this case, in contrast, there is a bar on administrative and judicial review of the "establishment of geographic adjustment factors," 42 U.S.C. § 1395w-4(i)(1)(D), under subsection (e) of 42 U.S.C. § 1395w-4, and it must be read to foreclose review of the appropriateness of the fee schedule areas that are a necessary sub-component of that administrative action.

    The other new decision on which plaintiffs relied at oral argument, Johnson v. Sullivan, 922 F.2d 346 (7th Cir. 1990), is simply too far removed from the circumstances of this case to furnish any useful analogy.  The case concerned whether full exhaustion of the Social Security administrative process was necessary before disability claimants could challenge a particular regulation under 42 U.S.C. § 405(g).  The regulation at issue prevented claimants from making any argument, during the administrative-review process, that several "non-severe" impairments (which individually would not justify a determination that the claimant was disabled) might be combined to create a "severe" impairment (which would justify disability benefits).  The Court of Appeals for the Seventh Circuit concluded that this "no-combination" regulation should be characterized as a procedural question that was collateral to a claim for disability benefits and therefore full exhaustion could be excused.  Id. at 353.  Nothing in Johnson, of course, could be read as excusing plaintiffs' inability here to satisfy the non-waivable "presentment" element of 42

---

[1] Hospitals are now reimbursed for Part A inpatient services under a prospective payment system.  42 U.S.C. § 1395ww(d).

DEF. SUPPLEMENTAL MEM. ON MOT. TO DISMISS
C 07-2888 MJJ                                                          -2-

U.S.C. § 405(g) because they failed to raise their claims in the context of a concrete claim for Medicare Part B benefits. Nor, in light of the subsequent decision of the Seventh Circuit in Martin v. Shalala, 63 F.3d 497 (7th Cir. 1995), can Johnson be viewed as adding anything meaningful to plaintiffs' contention that full exhaustion should be excused. The configuration of fee schedule areas is a substantive, not a procedural, question and cannot plausibly be characterized as collateral to a claim of Part B underpayment. Id. at 504. The Johnson decision therefore has little persuasive import here.

|  |  |
|---|---|
| OF COUNSEL:<br>JAMES C. STANSEL<br>Acting General Counsel | Respectfully submitted,<br><br>JEFFREY S. BUCHOLTZ<br>Acting Assistant Attorney General |
| CAROL J. BENNETT<br>Acting Associate General Counsel | JOSEPH P. RUSSONIELLO<br>United States Attorney |
| MARK D. POLSTON<br>Deputy Associate<br>General Counsel for Litigation | /s/ Peter Robbins<br>SHEILA M. LIEBER |
| GIOCONDA MOLINARI<br>H. ANTONY LIM<br>LAWRENCE J. HARDER<br>Attorneys<br>U.S. Department of Health<br>and Human Services | PETER ROBBINS<br>Department of Justice<br>20 Massachusetts Avenue, N.W., Room 7142<br>Washington, D.C. 20530<br>Tel: (202) 514-3953<br>Attorneys for Defendant |

**CERTIFICATE OF SERVICE**

Pursuant to 28 U.S.C. § 1746, I hereby certify that, this 18th day of January, 2008, I caused copies of the foregoing document to be served electronically on the following persons at the following electronic addresses:

Dario DeGhetaldi
deg@coreylaw.com

Colleen Duffy Smith
cduffysmith@mfmlaw.com,spuumala@mfmlaw.com

Patrick Key Faulkner
pfaulkner@co.marin.ca.us,jmichaels@co.marin.ca.us

Jack F. Govi
jgovi@co.marin.ca.us,pjackson@co.marin.ca.us

William Merrill Litt
littwm@co.monterey.ca.us, littw@co.monterey.ca.us

Dana Maureen McRae
dana.mcrae@co.santa-cruz.ca.us

Jerry E. Nastari
jen@coreylaw.com,deg@coreylaw.com

Michael Gannon Reedy
mreedy@mfmlaw.com,smaes@mfmlaw.com

Amanda L. Riddle
alr@coreylaw.com

Mari-Ann Gibbs Rivers
mrivers@co.marin.ca.us,adooley@co.marin.ca.us

and by first class mail, postage prepaid, on:

Celeste E. Andersen
Office of the County Counsel
105 East Anapamu, Suite 201
Santa Barbara, CA 93101

Patricia Gomez
Office County Counsel
1055 Monterey St #D320
San Luis Obispo, CA 93408

James Lindholm
Office of the County Counsel
1055 Monterey Street, Suite D320
San Luis Obispo, CA 93408

DEF. SUPPLEMENTAL MEM. ON MOT. TO DISMISS
C 07-2888 MJJ

Charles Joseph McKee
Office of the County Counsel
County of Monterey
168 West Alisal Street
Third Floor
Salinas, CA 93901

John James Sansone
Office of the County Counsel
1600 Pacific Highway, Room 355
San Diego, CA 92101

Stephen Shane Stark
Office of the County Counsel
105 E Anapamu St Suite 201
Santa Barbara, CA 93101-2000

Steven Michael Woodside
County of Sonoma
575 Administration Dr. Rm. 105
Santa Rosa, CA 95403-2815

January 18, 2008                /s/ Peter Robbins
                                PETER ROBBINS

DEF. SUPPLEMENTAL MEM. ON MOT. TO DISMISS
C 07-2888 MJJ