DARIO de GHETALDI (126782)
JERRY E. NASTARI (151756)
AMANDA L. RIDDLE (215221)
COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP
700 El Camino Real
P.O. Box 669
Millbrae, CA 94030
Telephone:    (650) 871-5666
Facsimile:    (650) 871-4144

COLLEEN DUFFY SMITH (161163)
MICHAEL G. REEDY (161002)
McMANIS FAULKNER & MORGAN
A Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:    (408) 279-8700
Facsimile:    (408) 279-3244

Plaintiffs' Co-Counsel
[Other Counsel on Signature Page]

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SANTA CRUZ, ET AL., | Case No. C 07-2888 MJJ |
| Plaintiffs, | |
| vs. | **EX-PARTE MOTION REQUESTING; ENTRY OF JUDGMENT UNDER RULE 54(B) AS TO PLAINTIFFS' FIRST SEVEN CAUSES OF ACTION, AND A STAY OF THE EIGHTH CAUSE OF ACTION, PENDING APPEAL OR ALTERNATIVELY, VOLUNTARY DISMISSAL OF PLAINTIFFS' EIGHTH CAUSE OF ACTION WITHOUT PREJUDICE** |
| MICHAEL O. LEAVITT, | |
| Defendant. | |

Plaintiffs, County of Santa Cruz, et al., submit the following memorandum of points and authorities supporting their Ex-Parte Motion Requesting Entry of Judgment Under Rule 54(b), as to Plaintiffs' First Seven Causes of Action, and a Stay of the Eighth Cause of Action, Pending

---
1
EX-PARTE MOTION FOR RULE 54(b) CERTIFICATION, OR VOLUNTARY DISMISSAL
CASE NO. C 07-2888 MJJ

Appeal, or Alternatively, Voluntary Dismissal of Plaintiffs' Eighth Cause of Action Without Prejudice;

**COMPLIANCE WITH LOCAL RULE 7-10**

On March 26, 2008, Plaintiffs' counsel sought a stipulation from Defendant in the alternative for: (a) leave to file an interlocutory appeal along with an order staying proceedings on the unlawful delegation claim; or (b) leave to dismiss the unlawful delegation claim without prejudice and to enter judgment on the claims dismissed by the Order. Defendant did not stipulate to the Plaintiffs' request. (Duffy Smith Decl. at ¶ 4). This motion follows.

A voluntary dismissal under Fed.R.Civ.P. 41(a)(2) does not require that the Plaintiffs' request for dismissal take any specific form; it requires only that the court approve such a request for dismissal. *Morris v. City of Hobart*, 39 F.3d 1105, 1109 (10th Cir. 1994), [administrative order notifying parties that case, which had settled, would be dismissed with prejudice, absent action on their party within 60 days, matured into dismissal under Rule 41(a)(2).] Presumably, then, Plaintiffs may use an ex parte motion to obtain the relief sought.

**PROCEDURAL HISTORY**

On June 4, 2007, Plaintiffs, seven California counties that provide Part B Medicare services, filed a class action complaint asserting eight causes of action: 1) Denial Of Equal Protection; 2) Deprivation Of Due Process Rights; 3) Seeking A Declaration That 42 U.S.C. Section 1395w-4(J)(2) Is Unconstitutional As Applied; 4) Seeking A Declaration That 42 C.F.R. Section 414.4 Is Unconstitutional As Applied; 5) Unlawful Withholding Or Delay In Reconfiguration Of Locality Structure; 6) Arbitrary, Capricious Or Abuse Of Discretion In Failure To Reconfigure Locality Structure; 7) Denial Of Statutory Right To Reconfiguration; And 8) Unlawful Delegation Of Duty To Reconfigure.

Defendant moved to dismiss Plaintiffs' claims on Rule 12(b)(1) and 12(b)(6) grounds.

After hearing the Defendant's Motion To Dismiss on January 15, 2008, the Court issued an Order Granting Defendant's Motion to Dismiss (Document 57) (the "Order"). The Court dismissed Plaintiffs' statutory claims (the fifth, sixth, and seventh causes of action) for lack of

subject matter jurisdiction under 42 U.S.C. section 1395w-4(i)(1)(D).  The Court dismissed Plaintiffs' Fifth Amendment due process and equal protection claims (the first, second, third, and fourth causes of action) for failure to state a claim, finding that the named Plaintiffs, which are all political subdivisions of the State of California, do not qualify as "persons" within the meaning of the Fifth Amendment.  The Court dismissed with leave to amend Plaintiffs' unlawful delegation claim (the eighth cause of action) finding that Plaintiffs had not adequately pleaded the claim in a manner that demonstrates they have a constitutional basis that might confer subject matter jurisdiction on this Court.  Plaintiffs were given twenty (20) days within which to file their amended complaint, if any.

## LEGAL ARGUMENT

**A..** **This Court Should Enter Final Judgment As To The Dismissed Claims, And Issue A Stay of Proceedings Pending Appellate Review.**

An order granting summary judgment is not itself appealable.  An appeal lies only from a judgment which must be entered separately in the docket.  Fed.R.Civ.P. 58; *Vernon v. Heckler,* 811 F.2d 1274, 1276 (9th Cir. 1987).  If a motion for summary judgment is granted and judgment entered thereon, the judgment is a "final decision" and hence appealable if it disposes of all claims against all parties.  28 U.S.C. §1291; *United States v. Brook Contracting Corp.*, 759 F.2d 320 (3rd Cir. 1985).

Where as here, a "partial summary judgment" is entered, i.e., an order not disposing of all claims against all parties, it is ordinarily not appealable, nor can a judgment be entered on it unless the Court certifies under Federal Rule of Civil Procedure 54(b) "that there is no just cause for delay" and expressly directs the entry of judgment.  Fed.R.Civ.P. 54(b); *Continential Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519 (9th Cir. 1987).

> When an action presents more than one claim for relief…the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is not just reason for delay.

Fed.R.Civ.P. 54(b). This Court is within its discretion to direct entry of final judgment as to the first through seventh causes of action alleged by Plaintiffs, as there is no just reason for delay.

"In pertinent part, Rule 54 requires a certifiable judgment finally to resolve at least one claim in a multi-claim action…" *Continental Airlines, Inc., supra,* 819 F.2d at 1524. Here, Plaintiffs' complaint alleged multiple claims, and seven of the eight claims were summarily adjudicated finally. The threshold requirements of Rule 54(b) have been met. *Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 743 (1976).

Further, there is no just reason for delay. The "solution" to the inquiry into whether to grant a Rule 54(b) request "lies in a more pragmatic approach focusing on severability and efficient judicial administration." [Citations omitted.] *Continental, supra,* 819 F.2d at 1525. Here as in the *Continental* case, the partial summary judgment has disposed of matters sufficiently severable factually and legally from the remaining matters.

Plaintiffs' eighth cause of action alleges an unlawful delegation of legislative authority to the state medical associations. The fifth, sixth, and seventh causes of action were dismissed for lack of subject matter jurisdiction under 42 U.S.C. section 1385w-4(i)(1)(D). In the Order dismissing the unlawful delegation claim with leave to amend, this Court stated: "…to the extent that Plaintiffs' eighth cause of action for 'unlawful delegation' rests upon a statutory basis, the Court lacks subject matter jurisdiction to hear it because of the no-review provisions of 42 U.S.C. §1395w-4(i)(1)(D)." (Order at 15:7-9). Thus, when amending the unlawful delegation claim, Plaintiffs cannot and will not rely upon a statutory basis found to violate the no-review provisions. Likewise, because this Court found that Plaintiffs lacked standing to assert a Fifth Amendment or equal protection claim, Plaintiffs cannot and will not rely upon those constitutional bases when amending the eighth cause of action.

As in *Perot v. Federal Election Commission*, 97 F.3d 553, 559 (D.C. Cir. 1996), Plaintiffs will likely amend to clarify they are alleging a violation of Article I of the Constitution, and base jurisdiction under 28 U.S.C. section 1331, legal issues not embraced by the dismissed claims. The standing and the subject matter jurisdiction issues, therefore, are necessarily legally

severable from any amendment to clarify the legal basis and constitutional underpinnings of the unlawful delegation claim.

The factual issues are also severable. Whether Plaintiffs are "persons" entitled to bring Fifth Amendment due process claims and whether judicial review of Medicare's failure to update geographic adjustment factors is permissible are issues factually distinct from a determination about the lawfulness of Medicare's delegation of authority to state medical associations.

Nor will the remedy sought by Plaintiffs' unlawful delegation claim cause 54(b) certification to be an abuse of this Court's discretion. Plaintiffs' amended unlawful delegation claim will request a declaration or finding that Medicare has unlawfully delegated its duty to reconfigure localities to state medical associations, that Medicare has no authority to find or conclude that it may delegate any part of the process of creating or modifying locality to state medical associations, for all appropriate reimbursement, and for such other and further relief as is just and appropriate.

In the *Continental* case, Continental brought actions against the aircraft manufacturer and parts manufacturers to determine liability to Continental. The district court granted partial summary judgments in favor of the aircraft manufacturer and parts manufacturer, finding that the exculpatory clause in contract for the sale of the aircraft was effective against Continental's negligence and strict liability claims as to the loss of the aircraft, and that the exculpatory clause barred Continental's claims against the parts manufacturer, finding the claims to be within coverage of the aircraft manufacturer's warranty. *Continental, supra,* 819 F.2d at 1519. The partial summary judgments, however, did not dispose of Continental's claims against the manufacture based upon breach of warranty and fraud. "These judgments did *not* affect Continental's potential recovery against any appellee for passenger indemnification, nor resolve Continental's fraud and breach-of-warranty theories against MDC for loss of the airplane." *Id.* at 1524. [Emphasis in original.] Nonetheless, the 9th Circuit held that 54(b) certification was proper, reasoning that "given the size and complexity of this case, we cannot condemn the district court's effort to carve out threshold claims and thus streamline further litigation. In these

1   partial summary judgments, the district court effectively narrowed the issues, shortened any
2   subsequent trial by months, and efficiently separated the legal from the factual questions." *Id.* at
3   1525. Accordingly, the fact that remedial claims would still have to be resolved by Plaintiffs'
4   unlawful delegation claim against Medicare is not a sufficient basis, alone, to deny 54(b)
5   certification.

6   Additionally as to class considerations, pursuant to Fed.R.Civ.P. 23(c)(1)(A), the court
7   must determine by order whether to certify an action as a class action "at an early practicable
8   time after a person sues…as a class representative…" Under Fed.R.Civ.P. 23(d)(1)(A) this
9   Court may issue orders that determine the course of proceedings or prescribe measures to prevent
10  undue repetition or complication in presenting evidence or argument. Because Plaintiffs claims
11  are pleaded as class claims, any claims that survive appeal and further attempts to dismiss should
12  be joined before any class certification is sought. To proceed otherwise is prejudicial to the
13  parties, and the putative class, and wasteful of judicial resources.

14  For the reasons set forth above, should this Court grant 54(b) certification, it should also
15  issue a stay as to the remaining unlawful delegation cause of action, under its inherent powers to
16  facilitate the just, speedy, and inexpensive disposition of this action, until such time as the
17  appellate Court has had an opportunity to rule on Plaintiffs' appeal of the first seven causes of
18  action.

**B.     Alternatively, This Court Should Dismiss Plaintiffs' Unlawful Delegation Claim Without Prejudice Under Rule 41(a)(2).**

21  "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's
22  request only by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2).
23  Rule 41(a)(1) provides for voluntary dismissal by stipulation between the parties who have
24  appeared, and by Plaintiffs "before the opposing party serves either an answer or a summary
25  judgment," situations inapplicable here. Fed.R.Civ.P. 41(a)(1)(i) and (ii). A Rule 41(a)(2) court

ordered dismissal, unless the order states otherwise, is without prejudice. Fed.R.Civ.P. 41(a)(2); *Padrina v. Chun*, 987 F.2d 608, 610, fn. 3 (9th Cir. 1993).[1]

According to *Spencer v. Moore Business Forms, Inc.,* 87 FRD 118, 119 (ND GA 1980), in determining whether to dismiss Plaintiffs' claims under Rule 41(a)(2), the court is to make three separate determinations: 1) whether to allow dismissal at all; 2) whether the dismissal should be with or without prejudice; and 3) what "terms and conditions," if any, should be imposed. *Id.* All three determinations favor dismissal without prejudice in this case.

First, courts generally permit dismissal unless defendant will suffer some plain legal prejudice. *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005). Here, defendant bears only the risk of a second lawsuit, which has been held to be an insufficient ground to establish plain legal prejudice. *Wetlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir. 1996). Defendant cannot claim that it has incurred substantial expenses in trial preparation, a concern that may prevent dismissal. *In re Lowenschuss,* 67 F.3d 1394, 1400-1401, (9th Cir. 1995), as discovery has not even commenced in this case. (Duffy-Smith Decl. at ¶ 5).

Second, Defendant will suffer no plain legal prejudice by the grant of a dismissal without prejudice tactically. This is not a case, for instance, in which Defendant risks the loss of a federal forum, or the right to a jury trial, or a statute of limitations defense. *Wetlands, supra,* 100 F.3d at 97. In fact, should the requested dismissal be granted, Plaintiffs in this case assume the risk that, by the time the case returns to this Court, if at all, the unlawful delegation claim may be barred in part by the statute of limitations or laches.

Third, given the relative infancy of this case, should Plaintiffs' motion to dismiss be granted, there should be no adverse terms or consequences imposed upon Plaintiffs, including the payment of costs and fees incurred by Defendant. Such awards are not mandatory. It is not an abuse of discretion to refuse costs and fees where plaintiff had a "realistic chance of prevailing." *America v. Armilla Int'l, B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). In any event, should Plaintiffs' appellate efforts be fruitless, and should Plaintiffs decide to re-file a stand-

---

[1] Similarly, court approval is required under Fed.R.Civ.P. 23(e) for dismissal of a class action.

alone unlawful delegation claim, Medicare, if it were to be the prevailing party in a second action, would still be able to use its work product to date in defending against the claim, and it would also be able to request an award of statutory costs at the close of the case.

As Ms. Duffy Smith's declaration avers, Plaintiffs seek dismissal of the unlawful delegation claim so that they can appeal the adverse judgments on the first seven causes of action, without the necessity of incurring additional time and expenses for the Defendant, Plaintiffs and putative class members occasioned by proceeding on the unlawful delegation claim at this time, and to enhance judicial economy. (Duffy Smith Decl. at ¶ 6). This Court's participation in the dismissal process should be viewed favorably as a sound exercise of its discretion and a "factor alleviating concerns about a possible manipulation [by Plaintiffs] of the appellate process." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1066 (9th Cir. 2002). Dismissal without prejudice of the unlawful delegation claim should be granted.

## CONCLUSION

In light of the foregoing points and authorities, and for just cause shown, Plaintiffs respectfully request in the alternative: 1) Fed.R.Civ.P. 54(b) certification of the first seven causes of action of Plaintiffs' complaint, directing entry of judgment thereon, and a stay as to the remaining eighth cause of action for unlawful delegation, pending appeal; or 2) dismissal of the eighth cause of action for unlawful delegation, without prejudice under Fed.R.Civ.P. 41(a)(2)..

DATED:  March 31, 2008

Respectfully submitted,
MCMANIS FAULKNER & MORGAN


    /S/
COLLEEN DUFFY SMITH
Attorneys for Plaintiffs

---
8
EX-PARTE MOTION FOR RULE 54(b) CERTIFICATION, OR VOLUNTARY DISMISSAL

CASE NO. C 07-2888 MJJ

# ADDITIONAL COUNSEL FOR PLAINTIFFS

Dana M. McRae - Bar No. 142231
Santa Cruz County Counsel
Office of the County Counsel
Government Center, County of Santa Cruz
701 Ocean Street, Room 505
Santa Cruz, CA 95060
Tel: 831-454-2040
Fax: 831-454-2115
Attorneys for Plaintiff County of Santa Cruz

Steven M. Woodside - Bar No. 58684
Sonoma County Counsel
Office of the County Counsel
575 Administration Drive, Suite 105A
Santa Rosa, CA 95403
Tel: 707-565-2421
Fax: 707-565-2624
Attorneys for Plaintiff County of Sonoma

John J. Sansone - Bar No. 103060
San Diego County Counsel
Office of the County Counsel
County Administration Center
1600 Pacific Highway, Room 355
San Diego, CA 92101
Tel:619-531-4860
Fax: 619-531-6005
Attorneys for Plaintiff County of San Diego

Patrick K. Faulkner - Bar No. 70801
Marin County Counsel
Jack F. Govi - Bar No. 88483
Assistant Marin County Counsel
Mari-Ann Gibbs Rivers - Bar No. 117053
Deputy Marin County Counsel
Office of the County Counsel
3501 Civic Center Drive, Suite 303
San Rafael, CA 94903
Tel: 415-499-6117
Fax: 415-499-3796
Attorneys for Plaintiff County of Marin

Stephen Shane Stark - Bar No. 63779
Santa Barbara County Counsel
Celeste E. Andersen - Bar No. 141965
Deputy Santa Barbara County Counsel
Office of the County Counsel
105 East Anapamu, Suite 201
Santa Barbara, CA 93101
Tel: 805-568-2950
Fax: 805-568-2982
Attorneys for Plaintiff County of Santa Barbara

R. Wyatt Cash - Bar No. 47563
San Luis Obispo County Counsel
Rita L. Neal - Bar No. 151156
Deputy San Luis Obispo County Counsel
Office of the County Counsel
1055 Monterey Street, Suite D320
San Luis Obispo, CA 93408
Tel: 805-781-5400
Fax: 805-781-4221
Attorneys for Plaintiff County of San Luis Obispo

Charles J. McKee - Bar No. 152458
Monterey County Counsel
William M. Litt - Bar No. 166614
Deputy Monterey County Counsel
Office of the County Counsel
168 West Alisal Street, 3rd Floor
Salinas, CA 93901
Tel: 831-755-5045
Fax: 831-755-5283
Attorneys for the County of Monterey

---

9
EX-PARTE MOTION FOR RULE 54(b) CERTIFICATION, OR VOLUNTARY DISMISSAL

CASE NO. C 07-2888 MJJ