IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA CRUZ COUNTY, et al., | |
|     Plaintiffs, | No. C 07-02888 JSW |
|     v. | |
| KATHLEEN SEBELIUS, Secretary of the United States Department of Health and Human Services | **ORDER REGARDING DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT** |
|     Defendant. | |

Now before the Court is the motion to dismiss or, in the alternative, for summary judgment filed by Defendant and Plaintiffs' motion for leave to take discovery. The Court finds that these matters are appropriate for disposition without oral argument and are deemed submitted. *See* N.D. Cal. Civ. L.R. 7-1(b). Accordingly, the hearing set for December 7, 2012 is hereby VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby grants Defendant's motion to dismiss and denies Plaintiffs' motion for discovery.

**BACKGROUND**

Defendant moves to dismiss Plaintiffs' first amended complaint ("FAC") or, in the alternative, for summary judgment. Upon remand from the Ninth Circuit, Plaintiffs only assert constitutional claims. Plaintiffs brings three claims for violation of equal protection and one for unlawful delegation. Defendants argue, *inter alia*, that the Court does not have jurisdiction to adjudicate Plaintiffs' claims, that Plaintiffs do not have standing to bring their unlawful

delegation claim, and that Plaintiffs' claims lack merit. The Court will address additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.  Applicable Legal Standards.**

When a defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

A facial attack on the jurisdiction occurs when factual allegations of the complaint are taken as true. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). The plaintiff is then entitled to have those facts construed in the light most favorable to him or her. *Id.* A factual attack on subject matter jurisdiction occurs when defendants challenge the actual lack of jurisdiction with affidavits or other evidence. *Thornhill*, 594 F.2d at 733. In a factual attack, plaintiff is not entitled to any presumptions or truthfulness with respect to the allegations in the complaint, and instead must present evidence to establish subject matter jurisdiction. *Id.*

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court construes the allegations in the complaint in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence which either negates an essential element of the non-moving party's claims or that

3

party must show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party meets its initial burden, the non-moving party must go beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). In addition, the party seeking to establish a genuine issue of material fact must take care adequately to point a court to the evidence precluding summary judgment because a court is "'not required to comb the record to find some reason to deny a motion for summary judgment.'" *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)). If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.     Defendant's Motion.**

    **1.     Plaintiffs' Equal Protection Claims.**

Defendant argues that a provision within the Medicare statute, 42 U.S.C. § 1395w-4(i)(1)(D), bars judicial review of Plaintiffs' constitutional equal protection claims. However, review is presumed to be available "absent 'clear and convincing' evidence that Congress intended to preclude constitutional review of agency action[.]" *United States v. Emerson*, 846 F.2d 541, 544 (9th Cir. 1988) (citing *Califano v. Sanders*, 430 U.S. 99, 109 (1977)). Here, there is no clear and convincing evidence that Congress intended to preclude review of *constitutional* claims. Nevertheless, Plaintiff has not yet stated a valid constitutional equal protection claim.

Equal Protection jurisprudence is "concerned with governmental classifications that 'affect some groups of citizens differently than others.'" *Enquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 601 (2008) (quoting *McGowan v. Maryland*, 366 U.S. 420, 425 (1961)). The Equal Protection Clause generally requires that similarly situated individuals be

4

1 treated similarly. *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985).
2 Because Plaintiffs have not alleged that they are members of a protected class, they must allege
3 that they were "intentionally treated differently from others similarly situated and that there is
4 no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S.
5 562, 564 (2000).

6 Although Plaintiffs' claims are labeled as claims for violation of equal protection, these
7 claims are premised on the statutory scheme and allege that the Medicare statute was not
8 properly followed. Plaintiffs cite authority for the proposition that the rational basis test and the
9 arbitrary and capricious standard under the Administrative Procedure Act ("APA") are
10 analogous. (Opp. at 13.) *See Ursack Inc. v. Sierra Interagency Black Bear Group*, 639 F.3d
11 949, 956 (9th Cir. 2011). Plaintiffs then proceed to argue how Defendant's conduct was
12 arbitrary and capricious under the APA and make no effort to show how they were treated
13 differently from other similarly situated individuals. However, in *Ursack*, despite the fact that
14 the court noted that the standard of review for rational basis scrutiny was the same as arbitrary
15 and capricious review under the APA, the court still evaluated the plaintiff's equal protection
16 claim under the framework of an equal protection analysis. *Id.* at 958. The court evaluated and
17 rejected the plaintiff's claim that the agency had no rational basis for treating another
18 manufacturer of bear-resistant containers differently. *Id.* at 958-59. Therefore, although the
19 Medicare Act does not preclude judicial review of a genuine constitutional claim, Plaintiffs
20 have not yet stated one. Plaintiffs' claims are essentially statutory claims cloaked as
21 constitutional ones. *See Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994) ("Although [the
22 plaintiff's] complaints invoke provisions of the Fifth Amendment and are styled in part as
23 constitutional actions, the courts do not acquire jurisdiction to hear challenges [barred by the
24 Military Claims Act] merely because those challenges are cloaked in constitutional terms.")

25
26
27
28

5

1 Therefore, the Court dismisses Plaintiffs' equal protection claims but will provide leave to
2 amend.[1]

### 2. Plaintiffs' Claim for Unlawful Delegation.

This Court previously dismissed Plaintiffs' claim for unlawful delegation with leave to amend in order to clarify the legal basis for this claim. Plaintiffs have now clarified that they allege that the Centers for Medicare and Medicaid Services ("CMS") has improperly given "authority to state medical associations to initiate and approve locality reconfigurations." (FAC, ¶ 609.) Plaintiffs contend that this delegation "vested significant authority to execute Federal law in persons not appointed by the President in violation of the Appointments Clause, Article II, section 2" of the United States Constitution and "conferred lawmaking power in violation of Article I, section 7." (*Id.*, ¶ 610.)

Defendant moves to dismiss this claim on the ground, *inter alia*, that Plaintiffs lack standing to pursue this claim. "Article III of the Constitution requires that a plaintiff have standing before a case may be adjudicated." *Covington v. Idaho*, 358 F.3d 626, 637 (9th Cir. 2004). To satisfy the Constitution's standing requirements, a plaintiff must show (1) an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury must be fairly traceable to the challenged action of the defendant; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also*

---

[1] If Plaintiffs elect to amend their complaint, they should take care to simplify, rather than complicate their factual allegations. The Court notes that Plaintiffs' amended complaint, in which they purport to omit their statutory claims, expanded from 77 pages and 367 paragraphs to 146 pages and 625 paragraphs. Although some statutory background may be helpful, Plaintiffs are precluded from asserting their statutory claims. If Plaintiffs further amend their complaint, Plaintiffs are directed to omit their allegations which are only relevant to these statutory claims and to allege their constitutional equal protection claims in a clear and concise manner.

Defendant also moves to dismiss Plaintiffs' claims on the grounds that the United States has not waived its sovereign immunity for claims seeking damages. The Court notes that in their original complaint, when Plaintiffs were not relying on the Administrative Procedure Act to bring their claims, Plaintiff repeatedly alleged that they incurred "damages." Plaintiffs now seek to characterize the same monetary funds as reimbursement as for specific money under *Bowen v. Massachusetts*, 487 U.S. 879 (1988). However, the Court need not determine at this time whether Plaintiffs' attempt to reframe their request for monetary relief is permissible because Plaintiffs' claims also seek injunctive relief.

6

1  *Covington v. Jefferson County*, 358 F.3d 626, 637-38 (9th Cir. 2004). In addition, "a plaintiff
2  must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc.*
3  *v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 185 (2000) (citing *City of Los*
4  *Angeles v. Lyons*, 461 U.S. 95, 109 (1983) (notwithstanding the fact that plaintiff had standing
5  to pursue damages, he lacked standing to pursue injunctive relief)). A plaintiff, as the party
6  invoking federal jurisdiction, bears the burden of establishing these elements. *Lujan*, 504 U.S.
7  at 561.

8      Plaintiffs allege that since 2001, over 200 counties should have been reclassified as
9  single-county localities. Due to the failure to reclassify, Plaintiffs allege that these counties
10 have been underpaid $3.19 billion since 2001. (FAC, ¶¶ 273, 423-24.) With respect to the
11 counties in California, Plaintiffs also take issue with CMS's failure to adopt proposals
12 submitted by the California Medical Association ("CMA"). (FAC, ¶¶ 284-295.)

13     Plaintiffs allege that there are three major causes for the underpayments to suppliers
14 such as themselves. First, Plaintiffs allege that the Health Care Financing Administration
15 ("HCFA") failed to apply a consistent methodology in revising the localities in 1996. (FAC, ¶
16 408.) According to Plaintiffs, "HCFA's 1996 restructuring failed to meet the goals of
17 uniformity and consistency in several ways, each of which has contributed to the current
18 payment disparities[.]" (*Id.*, ¶ 410.) Plaintiffs then list six different alleged failures. (*Id.*, ¶
19 410(a)-(f).) Second, Plaintiffs allege that CMS has not made any changes to the locality
20 structures to reflect the considerable changes in the demographics which have occurred in a
21 number of the localities since 1996. (*Id.*, ¶ 411.) Third, CMS has expressed a policy of
22 deferring to state medical associations in the initiation and adoption of locality changes.
23 According to Plaintiffs, "[i]n each rule published from 2004 through 2010, CMS has indicated
24 that it has been its policy not to consider making changes to localities without the support of a
25 state medical association." (*Id.*, ¶ 417.) Plaintiffs conclude that "[a]s a result of this policy,
26 there have been no changes to the locality structure since 1996." (*Id.*, ¶ 418.)

27     Plaintiffs have not alleged facts which are sufficient to show traceability or
28 redressability on its claim for unlawful delegation. The Court notes that all of the named

1 plaintiffs are counties, persons, or entities within California. (*Id*., ¶¶ 37-47.) Despite Plaintiffs'
2 allegations that the Agency's delegation of authority to state medical associations contributed to
3 its failure to alter the locality structure since 1996, Plaintiffs allege that CMS's *failure* to adopt
4 the proposals submitted by the CMA was problematic. With respect to the named Plaintiffs, it
5 appears that they take issue with CMS's *failure* to delegate to the state medical association in
6 California. Therefore, Plaintiffs have not alleged facts which, if true, demonstrate that their
7 injuries are traceable to a purported unlawful delegation.

8 Moreover, Plaintiffs have not alleged facts which, if true, demonstrate that an injunction
9 prohibiting Defendant from unlawfully delegating her duty to reconfigure the locality payment
10 structure to state medical associations would redress their alleged injury. Plaintiffs have
11 alleged, in painstaking detail, alleged failures of Defendant to reconfigure the locality payment
12 structure which are separate and independent from any purported delegation of authority to state
13 medical associations. Plaintiffs have alleged that the reasons underlying why Defendant has not
14 properly adjusted the locality structure are complicated and multi-factorial. Therefore, even if
15 the Court were to issue the requested injunction to prohibit any unlawful delegation, Plaintiffs
16 have not alleged facts that show it would be likely, as opposed to merely speculative, that their
17 injury will be redressed by a favorable decision. Moreover, Plaintiffs would not be able to
18 allege additional facts, consistent with the facts already pled, to cure these standing defects.
19 Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's unlawful delegation
20 claim based on lack of standing.

21 **C.     Plaintiffs' Motion for Discovery.**

22 Plaintiffs move for leave to take discovery. Plaintiffs argue that they need discovery to
23 obtain facts to oppose Defendant's motion to dismiss or, in the alternative, for summary
24 judgment. (Mot. at 1.) However, it is not clear what discovery Plaintiffs seek that would have
25 assisted in opposing Defendant's motion. As discussed above, the Court granted Defendant's
26 motion to dismiss based upon consideration of the allegations with the FAC. The Court did not
27 need to consider the administrative record. Accordingly, the Court denies Plaintiffs' request for
28 leave to take discovery to further oppose Defendant's motion.

8

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss and DENIES Plaintiffs' motion for leave to take discovery to oppose Defendant's motion. The Court GRANTS Plaintiffs leave to amend their claims for violation of equal protection. If Plaintiffs elect to file a second amended consolidated complaint, they shall do so by January 3, 2013. Moreover, if Plaintiffs amend their complaint, they shall also file by January 3, 2013, a side-by-side comparison of their new complaint and the FAC, or a redline version of the two complaints. If Plaintiffs fail to file a second amended complaint by this date, the Court will dismiss their equal protection claims with prejudice.

**IT IS SO ORDERED.**

Dated: December 4, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

9